UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAIM DULOVI,

      Petitioner,

v.

                                        Case No.:  2:26-cv-00643-SPC-NPM

MATTHEW MORDANT *et al.*,

      Respondent,

                                    /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Naim Dulovi's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Dulovi's reply (Doc. 8).  For the below reasons, the Court grants the petition.

Dulovi is a native of former Yugoslavia, so he is now stateless.  He was admitted into the United States on a B-2 visa on October 18, 1993.  Following a 2000 conviction for resisting an officer, an immigration judge ordered Dulovi removed to Yugoslavia or Macedonia on May 14, 2001.  Immigration and Customs Enforcement ("ICE") released him under an order of supervision on February 26, 2002.  Since then, Dulovi has fully complied with all conditions of supervision and unsuccessfully applied for travel documents from Macedonia in 2007, 2018, and 2026.  He owns a restaurant and has three U.S. citizen children.

On January 26, 2026, Dulovi reported to ICE for a routine check-in, and ICE revoked his release and arrested him.  He is currently detained at Alligator Alcatraz.  Dulovi challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Dulovi's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Dulovi has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE made that determination in 2002. What is more, Yugoslavia no longer exists, Macedonia will not accept Dulovi, and ICE has made no effort at removal to a

different country.  The burden thus shifts to the respondents.  In a declaration, a deportation officer acknowledges third-country removal is the only option, but he does not claim ICE has taken any steps towards third-country removal or offer any reason to believe it will likely happen soon.

The Court finds no significant likelihood Dulovi will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Dulovi to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Naim Dulovi Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Dulovi within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record